OPINION
{¶ 1} Defendant-appellant, KMV Ltd. ("appellant"), appeals from the determination by the Portage County Court of Common Pleas that appellant was not entitled to a writ of restitution in its efforts to evict plaintiffs-appellees, Rick and Valerie Thompson ("Thompsons"), from the All Seasons Mobile Home Park.
 {¶ 2} On May 24, 2001, the Thompsons filed a complaint asking for money damages after appellant brought an action to evict the Thompsons from the All Seasons Mobile Home Park located in Deerfield. The Thompsons claimed appellant sought to evict them for not signing an agreement and paying a fee to have a dog on the property. The Thompsons stated they notified appellant the dog was no longer at their residence, but appellant still improperly filed an action for eviction. The Thompsons claimed the eviction notice breached the actual and implied contracts between the parties. The Thompsons asked for denial of the eviction and for money damages.
 {¶ 3} The Thompsons' complaint was consolidated with appellant's eviction action, filed for the claimed violations of a park rule. On September 24, 2001, the matter came before the trial court for hearing. Carol Wise, appellant's general manager, testified that the Thompsons are tenants at the All Seasons Mobile Home Park. The Thompsons have an oral month-to month tenancy. Tenants at the mobile home park are permitted to own one pet. The pet must be registered, the owner has to provide veterinarian records, and provide a photograph. Wise testified that the Thompsons have a pet, but did not comply with any part of the park rule.
 {¶ 4} Appellant sent a rule violation letter to the Thompsons regarding the pet. When the situation was not resolved, appellant sent a three-day notice of eviction for non-compliance with the rule. Wise denied receiving any notice that the Thompsons no longer kept the dog on the premises.
 {¶ 5} John Conti, the manager of the All Seasons Mobile Home Park, testified he posted the three-day notice on the Thompsons' door and saw the dog at that time. Conti did not know if the dog was still at the Thompsons' mobile home.
 {¶ 6} On October 3, 2001, the trial court found that appellant sent a thirty-day notice to the Thompsons alleging three violations of park rules relating to having an unregistered dog. The court found the Thompsons did not comply with the registration rules after the thirty-day notice was given. Appellants then served the Thompsons with a three-day notice. The court determined that appellant did not comply with R.C.3733.13 and that appellant failed to establish two material violations of park rules. The trial court denied appellant's writ of restitution. The Thompsons dismissed their complaint pursuant to Civ.R. 41(A).
 {¶ 7} Appellant assigns the following error for review:
 {¶ 8} "The trial court erred in denying defendant-appellant's request for a writ of restitution by ruling that defendant-appellant had not complied with ORC Section 3733.13(D)."
 {¶ 9} In its sole assignment of error, appellant contends the trial court erred by requiring appellant prove two violations before being able to evict the Thompsons. Appellant asserts that R.C. 3733.09.1(A) is the statute governing the eviction of a tenant from a mobile home park and not R.C. 3733.13, as applied by the trial court. Appellant maintains there is no statutory requirement of two rule violations prior to commencing eviction proceedings.
 {¶ 10} Appellant argues that R.C. 3733.13(A) through (D) state that, if a resident commits a second material violation of park rules, the park owner may immediately terminate the rental agreement. Without a second material violation, the park owner can only proceed with the eviction after providing the tenant with a written thirty-day notice followed by a three-day notice under R.C. 1923.04. Appellant contends that, because it complied with these requirements, there was no necessity in proving a second material violation.
 {¶ 11} As the Thompsons owned their trailer, R.C. Chapter 3733 is applicable. R.C. 3733.13 provides that, if a resident of a mobile home park commits a material violation of the park rules, the park operator may deliver written notice of the violation to the resident. The notification must contain a description of the violation and a statement that the rental agreement will terminate on a date specified in the notice, not less than thirty days after receipt of the notice, unless the resident remedies the violation. The notice must include a statement that the violation was material and that if a second material violation of any park or public health council rule, or any health or safety code, occurs within six months after notice is given, the rental agreement will terminate immediately.
 {¶ 12} In Hamlet Mobile Home Park v. Sigmund (1997),118 Ohio App.3d 29, this court held that an action under R.C. Chapter 1923 can be brought against a mobile home park resident if the resident has committed two material violations of park rules within six months. The mobile home park gave the resident a three-day notice after the resident committed a second material violation of the park's rules less than six months after being cited for a different violation. That case goes on to note that, under the current version of R.C. 3733.13, a resident can be given a written notice of violation and, also, that the rental agreement can be terminated if the resident commits two material violations within six months. Sigmund does not address facts such as are present in the instant case.
 {¶ 13} Here, appellant gave the Thompsons the required thirty-day notice of the violation. The facts in Sigmund are different as that case involved a second material violation. Apparently the violation for which the thirty-day notice was given had been remedied. If a resident commits one material violation, then the park operator is required to give a notice specifying the violation and giving a date by which the violation must be remedied. That date must be not less than thirty days after the notice is issued. If the resident does not comply with the park rules before that date, then the park operator can terminate the rental agreement by giving the three-day notice required under R.C. 1923.04. No second material violation is needed if the resident does not remedy the violation within the time frame stated in the R.C. 3733.13 notice, as long as the resident has at least thirty days in which to comply with the park rule or rules at issue.
 {¶ 14} The trial court found that appellant sent the Thompsons a thirty-day notice and that the Thompsons did not comply with the park rules. The court then found appellant served the Thompsons with a three-day notice. However, the trial court denied appellant a writ of restitution after requiring appellant to prove two material violations occurred. This is not required under the statute if the resident has been served with a thirty-day notice and the resident does not remedy the violation.
 {¶ 15} The trial court misapplied the law by requiring two material violations of park rules before a writ of restitution can be granted. As established above, only one material violation is required if the resident does not remedy the condition causing that violation and proper notice is given.
 {¶ 16} A reading of the trial court's judgment entry shows the court did not state that the Thompsons' failure to register their dog constituted a material violation of the park rules, as required under R.C. 3733.13. Such determination must be made before a writ of restitution can be granted. Appellant's assignment of error is well-taken. The judgment of the Portage County Court of Common Pleas is reversed and remanded for a hearing to determine if the Thompsons' single violation of the park rules was material.
JUDITH A. CHRISTLEY, J., concurs, WILLIAM M. O'NEILL, P.J., concurs with concurring opinion.